# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| FEYSAL AYATI-GHAFFARI | § | |
| | § | Civil Action No.  4:18-CV-288 |
| v. | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| EMPIRE PETROLEUM PARTNERS, LLC | § | |
| | § | |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 14, 2018, the report of the Magistrate Judge (Dkt. #15) was entered containing proposed findings of fact and recommendations that the Plaintiff's case be dismissed for lack of subject matter jurisdiction.  Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkts. #17; #18; #19), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## RELEVANT BACKGROUND

The underlying facts of this case have been set forth previously; as such, the Court sets forth only those facts pertinent to Plaintiff's Objections.  On April 23, 2018, Plaintiff filed the instant suit, "alleging that the Defendant owes Plaintiff a sum of money" (Dkt. #1 at p. 1).  Plaintiff initially asserted the Court had diversity jurisdiction over his claims.  However, Plaintiff pleaded that both Plaintiff and Defendant were residents of Texas (Dkt. #1 at pp. 1–2).  The Court ordered Plaintiff to file an amended complaint, clarifying the basis for jurisdiction (Dkt. #5).  On May 29, 2018, Plaintiff filed his "Memorandum in Support of Motion to Amend & Deemed Disclosure and Request for Injunctive Relief" ("Amended Complaint") (Dkt. #8).  Plaintiff's Amended Complaint indicated that Plaintiff was attempting to remove a state court case previously before the Texas

Supreme Court, "Texas S.C. No. 18-0212" (Dkt. #8 at p. 1). The Court ordered Plaintiff on May 30, 2018, for a second time, "to file an amended complaint or brief clarifying the basis for the Court's jurisdiction over this cause" (Dkt. #11). Plaintiff filed his Amended Notice of Removal on June 22, 2018 delineating that the "Supreme Court of Texas denied the petition for review on [June 15, 2018];" he "filed the notice of removal within the 30[-]day time period required by 28 U.S.C. [§] 1446(b);" and that "[r]emoval is proper because Plaintiff['s] suit involves a federal question" (Dkt. #13 at p. 1). On December 14, 2018, the Magistrate Judge entered a Report and Recommendation, recommending that Plaintiff's case be dismissed for lack of subject matter jurisdiction (Dkt. #15). Plaintiff objected to the report, making several filings, including a "Motion to Certify a Question to the Texas Supreme Court" (Dkt. #17), "Specific Objections & Memorandum in Opposition to Defendant Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Dkt. #18), and "Memorandum in Support of Motion to Approve the Form of the Judgment" (Dkt. #19) (referred to collectively herein as "Plaintiff's Objections").

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

The report of the Magistrate Judge outlines the reasons that the Court lacks subject matter jurisdiction and may not proceed with consideration of Plaintiff's claims: (1) Plaintiff and Defendant are both alleged to be citizens of Texas, thus there is not complete diversity of citizenship; (2) federal courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States," but here, Plaintiff's claims arise under Texas law, thus no federal question exists; (3) a defendant may remove any

civil action from state court to a district court of the United States which has original jurisdiction, not a plaintiff; and (4) the state appellate proceedings were exhausted prior to the purported removal (Dkt. #15).

Plaintiff's Objections are largely irrelevant to the issues addressed in the Report and Recommendation, and instead predominantly argue the merits of Plaintiff's claims against Defendant. Plaintiff raises only two objections related to the issue of jurisdiction. First, Plaintiff contends "[t]here is a [s]ubstantial [q]uestion of [f]ederal [l]aw, and subject matter exist[s]. . . . Plaintiff's [claim] of $500,000.00 is substantial and is based on federal law, namely, under 28 U.S.C. [§] 1332" (Dkt. #18 at pp. 1–2). Second, Plaintiff avers that "[t]he trial court signed a judgment on 4/28/2017, for [Defendant]. The appeal of that judgment is pending in this Court. . . .[the state court lawsuit] is [an] invalid-lawsuit [sic], need[s] to be reversed, and reward [Plaintiff] as he claims who lost his funds and his life savings" (Dkt. #17 at pp. 1–2).

Turning to Plaintiff's first contention, the Court notes that § 1332 does not vest the Court with federal question jurisdiction; instead, § 1332 is the basis for the Court's authority to exercise diversity jurisdiction. Here, both Plaintiff and Defendant are Texas residents (Dkt. #15 at p. 5). The Court lacks federal question jurisdiction over this matter because as outlined in the Report, "none of the claims at issue arise under the Constitution, laws, or treaties of the United States— indeed, the claims at issue appear to arise under Texas law" (Dkt. #15 at p. 6). Plaintiff's Objection is overruled.

Turning next to Plaintiff's argument that the instant suit is an appeal of the Texas Supreme Court's decision in Plaintiff's underlying state court suit, the Court finds that the Report correctly noted that: (1) Plaintiff cannot remove a case to federal court; and further (2) "[r]emoval is simply not possible after a final judgment and the time for direct appellate review has run"

(Dkt. #15 at p. 7). Plaintiff's Objections do not offer any contrary argument or authority, and instead, focus on the merits of Plaintiff's state law claims, which the Court does not reach herein. Plaintiff's Objection is overruled.

## CONCLUSION

Having considered Plaintiff Feysal Ayati-Ghaffari's "Motion to Certify a Question to the Texas Supreme Court" (Dkt. #17), "Specific Objections & Memorandum in Opposition to Defendant Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Dkt. #18), and "Plaintiff's Memorandum in Support of Motion to Approve the Form of the Judgment" (Dkt. #19), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #15) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Plaintiff's Feysal Ayati-Ghaffari's claims are **DISMISSED** for lack of subject matter jurisdiction.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

**SIGNED this 23rd day of January, 2019.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE